UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
STEVEN A. SAPORITO,

                Plaintiff,

- against -

VISION LAB TELECOMMUNICATIONS, INC.,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

No. 05-CV-1007(ERK)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAY 13, 2005 ★

P.M. _____
TIME A.M. _____

KORMAN, C.J.:

Plaintiff Steven A. Saporito ("Saporito") moves for remand. Saporito commenced this action in the New York State Supreme Court, Kings County, alleging violations of the Telephone Consumer Protection Act ("TCPA") by defendant Vision Lab Telecommunications, Inc. ("Vision Lab"). Vision Lab filed a Notice of Removal on February 24, 2005, claiming diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff now moves for remand, arguing that removal was inappropriate because state courts have exclusive jurisdiction over private causes of action under the TCPA. Because I conclude that Congress did not intend to preclude diversity jurisdiction under § 1332 for TCPA claims, and because the requirements of § 1332 have been met in this case, I deny plaintiff's motion for remand.

Background

Plaintiff, Saporito, is an attorney in New York, whose principal place of business (and, apparently, whose residence) is located in Brooklyn. Defendant Vision Lab is a Florida corporation with its principal place of business in Miami Beach, Florida.

Saporito has a fax machine at his place of business which is connected to the phone number

1

(718) 833-3825. He alleges that between June and November, 2004, Vision Lab faxed him numerous advertisements which he had not requested. Specifically, Saporito alleges that defendant faxed him 74 separate advertisements, including seven unsolicited advertisements for travel services and/or vacations; 18 unsolicited advertisements for mortgages and/or mortgage services; and 49 unsolicited advertisements for stocks and/or stock investments. Saporito states that all these faxes were wholly unsolicited and were sent to him without his consent, and alleges that, as part of its business as a "fax broadcaster," Vision Lab has sent hundreds of thousands of similar unsolicited faxes to fax machines across the country.

According to Saporito, all of the 74 faxes in question: (1) lacked identification of the business or individual that sent the faxes; (2) lacked clear indication of the telephone number of the sending machine; and (3) lacked an indication of the name under which the sending fax broadcaster was registered to conduct business.

Saporito initiated this action in the New York Supreme Court by causing a verified complaint to be served on Vision Lab on February 1, 2005. In the complaint, Saporito alleged violations of the New York General Business Law ("GBL") § 396-aa, which makes unlawful the transmission by fax of unsolicited advertising. Saporito also alleged that Vision Lab's actions represented violations of the TCPA, 47 U.S.C. § 227, which makes it unlawful to use any fax machine, computer, or other device to send an unsolicited advertisement to a fax machine. Saporito alleged that each of the 74 faxes caused four individual violations of the TCPA, for a total of 296 violations of that statute. Based on the statutory amount of $500 for each violation, Saporito claimed statutory damages of $148,000. Moreover, claiming that Vision Lab acted willfully and knowingly, Saporito sought treble damages pursuant to 47 U.S.C. § 227(b)(3)(B), for a total of $444,000. Finally, Saporito sought an

additional $5,500 for violations of the New York GBL, as well as attorney's fees and costs, and injunctive relief ordering the defendant to cease sending unsolicited faxes.

On February 24, 2005, Vision Lab filed a Notice of Removal in this Court. Defendant maintains that removal was proper because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are domiciled in different states and the amount in controversy exceeds $75,000. On March 10, 2005, plaintiff Saporito moved to remand this case back to the New York Supreme Court.

## Discussion

Plaintiff contends that defendant's removal of this action to federal court was improper because state courts have exclusive jurisdiction over private claims brought under the TCPA. Relying on a line of cases holding that Congress, in the TCPA, did not grant federal question jurisdiction to the federal courts under 28 U.S.C. § 1331, plaintiff argues that federal courts likewise lack diversity jurisdiction over TCPA cases under 28 U.S.C. § 1332. Plaintiff argues, therefore, that I must remand the case to state court. The question squarely presented here is whether federal courts may have subject matter jurisdiction over TCPA claims based on diversity jurisdiction, when, as here, it is undisputed that the amount in controversy and diversity of citizenship requirements of the diversity statute are met. See 28 U.S.C. § 1332(a).

Section 227(b)(1)(C) of the TCPA prohibits the "use [of] any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b)(1)(C). The TCPA provides for a private right of action to enforce the ban on unsolicited advertising in § 227(b)(3), which provides as follows:

A person or entity may, if otherwise permitted by the laws or rules of court of a State,

3

> bring in an appropriate court of that State –
>> (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>> (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>> (C) both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

Plaintiff maintains that § 227(b)(3) of the TCPA grants to state courts exclusive jurisdiction over claims under the Act, and therefore that TCPA claims may not be heard in federal courts. Plaintiff relies on Foxhall Realty Law Offices, Inc. v. Telecommunications Premium Services, Ltd., 156 F.3d 432 (2d Cir. 1998), in which the Second Circuit stated that "the text of the TCPA indicates that Congress intended to assign private rights of action exclusively to courts other than the federal district courts." Id. at 436. The Court observed that, while "the TCPA creates a private right of action for violations of § 227(b)(1)(C) . . . state courts have exclusive jurisdiction over such causes of action under the terms of § 227(b)(3)." Id. at 434. As a result, the Court reached "'the somewhat unusual conclusion that state courts have exclusive jurisdiction over a cause of action created by' a federal statute," the TCPA. Id. at 434 (quoting International Science & Tech. Inst., Inc. v. Inacom Communications, Inc., 106 F.3d 1146, 1150 (4th Cir. 1997) ("Inacom")).

If the language quoted above is taken out of context, it certainly appears to support plaintiff's position, and would seem to indicate that federal courts could never hear claims under the TCPA. However, the quotations from Foxhall must be read in context, and when they are, it becomes clear that the case's holding is narrower than it first appears. This is true because the plaintiff in that case,

seeking to bring a putative class action on behalf of all New Yorkers who received "junk" fax advertisements from the defendant, asserted subject matter jurisdiction solely on the basis of federal question jurisdiction under 28 U.S.C. § 1331. The case did not involve facts that could have supported diversity jurisdiction, the plaintiff never asserted diversity jurisdiction, and the Court never considered diversity jurisdiction.

Read in the proper context, Foxhall's holding is simply that Congress did not grant jurisdiction to the federal courts under 28 U.S.C. § 1331, and therefore that federal question jurisdiction cannot be invoked to bring a TCPA claim in federal district court. In Foxhall, the Second Circuit explained that, while state courts are courts of general jurisdiction, federal courts are courts of limited jurisdiction, and, absent Congressional authorization, federal question jurisdiction will not exist. Relying on the language in § 227(b)(3) that provides that a person "may" bring an action in a State court, the Second Circuit noted:

> If a federal statute permissively authorizes suit in federal court, that authorization does not of necessity preclude suit in state courts of general jurisdiction, which are presumed competent unless otherwise stated. But the contrary assertion cannot be true. If a statute authorizes suit in state courts of general jurisdiction through the use of the term "may," that authorization cannot confer jurisdiction on a federal court because federal courts are competent to hear only those cases specifically authorized.

Foxhall, 156 F.3d at 435.

The other Courts of Appeals to have considered the issue have agreed that Congress did not authorize federal question jurisdiction under 28 U.S.C. § 1331 for causes of action alleging violations of the TCPA. See, e.g., Murphy v. Lanier, 204 F.3d 911, 915 (9th Cir. 2000); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513, 520 (3d Cir.1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287, 1287-88 (11th Cir. 1998); Chair King, Inc. v. Houston Cellular Corp., 131 F.3d 507,

514 (5th Cir. 1997); Inacom, 106 F.3d at 1150. As the Murphy Court noted, only a single district court has reached the opposite conclusion in a published decision. See Murphy, 204 F.3d at 913-14 (citing Kenro, Inc. v. Fax Daily, Inc., 904 F.Supp. 912, 914 (S.D. Ind.1995); Kenro, Inc. v. Fax Daily, Inc., 962 F.Supp. 1162, 1164 (S.D. Ind.1997)).

Though all the Courts of Appeals to have considered the issue have agreed that there is no federal question jurisdiction under 28 U.S.C. § 1331 which would allow the federal district courts to hear TCPA claims, the Courts of Appeals have not yet addressed whether diversity jurisdiction under § 1332 may provide a basis for hearing TCPA cases in federal court. However, an apparent consensus is emerging on this subject among those district courts which have addressed the applicability of § 1332 to TCPA claims. These courts have concluded "that Congress did not intend to preclude federal diversity jurisdiction pursuant to § 1332 for claims brought under the TCPA." Accounting Outsourcing, LLC v. Verizon Wireless Personal Communications, 294 F. Supp. 2d 834, 840 (M.D. La. 2003); see Kopff v. World Research Group, LLC, 298 F. Supp. 2d 50, 55 (D.D.C. 2003) ("Removal of TCPA claims on the basis of diversity jurisdiction . . . is permissible"); Kinder v. Citibank, No. 99-CV-2500 W(JAH), 2000 WL 1409762 *4 (S.D. Cal. Sept. 14, 2000) (same); see also Gold Seal Termite & Pest Conrtrol Co. v. DirecTV, Inc., No. 03-cv-00367-LJM-WTL, 2003 WL 21508177 *4 (S.D. Ind. June 10, 2003) (concluding that diversity jurisdiction provides basis for hearing TCPA claims in federal court, but that amount in controversy requirement was not met); Biggerstaff v. Voice Power Telecommunications, 221 F. Supp. 2d 652 (D.S.C. 2002) (observing that "it is not evident that Congress wanted [TCPA] claims to be brought in state court even if they exceeded $75,000 and involved diverse parties," but finding no basis for diversity jurisdiction because amount in controversy requirement was not met).

The district courts holding that diversity jurisdiction may provide a valid basis for hearing TCPA claims in the federal courts have concluded that nothing in the reasoning of the decisions rejecting federal question jurisdiction precludes "district courts from hearing private TCPA claims where some other independent basis for federal jurisdiction exists, such as diversity of citizenship or supplemental jurisdiction." Kinder, 2000 WL 1409762 at *3. As the District Court for the District of Columbia noted:

> The diversity jurisdiction statute is not a general jurisdictional grant nor is it akin to Section 1331 providing for federal question jurisdiction. Rather, diversity jurisdiction, expressly contemplated by Article III of the United States Constitution, is an independent basis for federal jurisdiction created to prevent discrimination against non-resident defendants regardless of whether federal law is involved.

Kopff, 298 F. Supp. 2d at 55 (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 74 (1938)). Noting that federal courts' original jurisdiction in diversity cases is not subject to implied exceptions, and that Congress had not expressly provided that diversity jurisdiction did not apply to TCPA claims, the Kopff Court concluded that TCPA claims could properly be removed on the basis of diversity jurisdiction. Id.; see also Accounting Outsourcing, 294 F. Supp. 2d at 838 ("[I]t would take a much more clear and definitive statement from Congress to convince this court to remove a party's entitlement to a federal forum based on diversity.").

A further reason for allowing TCPA claims to be removed to federal court on the basis of diversity jurisdiction was furnished by the court in Kinder. The court observed that

> in those actions where diversity of citizenship properly exists, Plaintiff's interpretation of the TCPA would create the anomalous result that state law claims based on unlawful telephone calls could be brought in federal court, while federal TCPA claims based on those same calls could be heard only in state court. Such an interpretation would also undermine the purposes of supplemental jurisdiction by requiring parties who bring TCPA claims along with other federal claims to maintain separate, parallel actions in state and federal court.

7

Kinder, 2002 WL 1409762 at *4. This argument alone is reason enough to allow TCPA claims to be litigated in federal courts based on diversity jurisdiction, one court concluded, since "if the exact same claims, brought pursuant to state law, may be litigated in federal court based on diversity of the parties, it makes little sense to preclude a TCPA claim." Accounting Outsourcing, 294 F. Supp. 2d at 837-38.

The reasoning of the district courts that have allowed removal of TCPA claims on the basis of diversity is sound. When the diversity of citizenship and amount in controversy requirements of § 1332 are met, it makes no sense to prevent TCPA claims from being heard in federal court. Moreover, it is apparent that a central reason Congress chose to eliminate federal question jurisdiction for TCPA claims is that such claims are often for relatively small sums of money; "'small claims [are] best resolved in state courts designed to handle them . . . ' and . . . 'small claims court would allow the consumer to appear before the court without an attorney.' These stated purposes are no longer relevant when parties have reached the $75,000 requisite amount required for diversity jurisdiction." Id. at 840 (quoting Chair King, 131 F.3d at 513) (footnote omitted).

In short, none of the reasons which support the conclusion that Congress intended to preclude federal question jurisdiction for TCPA claims apply in the context of diversity jurisdiction. Moreover, the interest in judicial efficiency and avoiding duplicative parallel litigation in state and federal courts weighs in favor of allowing TCPA claims to be removed to federal court so long as the diversity of citizenship and amount in controversy requirements of § 1332 are met. As a result, I join those district courts that have considered the issue, and conclude that Congress did not intend to preclude diversity jurisdiction under § 1332 for TCPA claims. Such a conclusion compels the conclusion that plaintiff's motion for remand must be denied here, where it is undisputed that the

parties are diverse and the amount in controversy exceeds $75,000.

Conclusion

For the foregoing reasons, I deny plaintiff's motion for remand.

**SO ORDERED:**

Brooklyn, New York
May /7, 2005

_s/Edward R. Korman_
Edward R. Korman
United States Chief District Judge